**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

STEVE J. PORKOLAB,

    Petitioner,

vs.                                        Case No. 4:08cv415-MP/WCS

WALTER McNEIL,

    Respondent.
_____/

## REPORT AND RECOMMENDATION TO TRANSFER § 2254 PETITION

    Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Doc. 1. Pursuant to court order, doc. 3, he paid the filing fee.

    The petition was docketed as a 28 U.S.C. § 2254 petition by the clerk, as Petitioner is in custody pursuant to the judgment of a state court. *See* Medberry v. Crosby, 351 F.3d 1049, 1060-61 (11th Cir. 2003), *cert. denied,* 541 U.S. 1032 (2004) (§ 2254 creates restrictions on the authority to grant habeas corpus relief to petitioner in custody of a state court judgment, even if challenge is made to disciplinary proceedings rather than the judgment).

Petitioner is incarcerated at Hendry Correctional Institution.  He challenges drug testing procedures at South Bay Correctional Institution, which allegedly resulted in sanctions and the loss of gain time credit.

According to the website maintained by the Florida Department of Corrections, Petitioner was sentenced in Suwannee County in 1986 for first degree murder or attempted murder, and sentenced in Dade County in 1995 for escape.  The former sentence was for life, the latter was for ten years.  It is not known how the sentences are being executed, or if the ten year sentence has expired.  No tentative release date is indicated.

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

§ 2241(d).

Petitioner was not convicted in this district nor is he confined here.  The Southern District may or may not be considered a district of conviction, depending on whether the Dade County sentence has expired.  As the Middle District is the district of Petitioner's current confinement and his conviction on the life sentence, transfer to that district appears most appropriate.

It is therefore respectfully **RECOMMENDED** that this case be **TRANSFERRED** to the United States District Court for the Middle District of Florida for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida on November 20, 2008.


   s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO PARTIES**

**Within 15 days after being served with a copy of this report and recommendation, a party may serve and file specific, written objections to the proposed findings and recommendations.  A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**